UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER RONDEAU, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No: 1:16-cv-762-WTL-DKL |
| ) | |
| DUSHAN ZATECKY, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Christopher Rondeau for a writ of habeas corpus must be denied. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

The pleadings and expanded record show the following: Rondeau is serving the executed portion of his 55-year sentence imposed following his 2010 conviction in an Indiana state court of the murder of Adolph Stegbauer, his great-uncle. Rondeau and Stegbauer lived with Rondeau's grandmother, Franziska Stegbauer. During the evening of April 9, 2009, a sword fight erupted between Adolph Stegbauer and Rondeau. During the fight, Stegbauer was stabbed at least ten times. Also during the fight, Franziska was stabbed in her left armpit while trying to intervene in the combat.

Rondeau called 911 at 12:58 a.m. Police arrived. Paramedics arrived. Franziska Stegbauer arrived at the hospital at 2:03 a.m. and was pronounced dead at 2:04 a.m. Adolph was hospitalized and died on April 15, 2009. The cause of death of Adolph Stegbauer was sharp force injury to the abdomen that caused bacteria in his stomach to be released into his peritoneal and abdominal cavities and led to septic shock. Rondeau was treated at the hospital for a wound inflicted by Adolph Stegbauer and while at the hospital gave a voluntary statement to police.

Rondeau was charged with the murder of Adolph Stegbauer and with reckless homicide relating to the death of Franziska Stegbauer. Rejecting his claim of self-defense, the jury found Rondeau guilty of the murder of Adolph Stegbauer. Rondeau was found not guilty of reckless homicide in the death of Franziska Stegbauer.

Rondeau's conviction was affirmed in *Rondeau v. State*, 2011 WL 977075 (Ind.Ct.App. March 21, 2011)(*Rondeau I*). The Indiana Supreme Court denied transfer. The denial of Rondeau's petition for post-conviction relief was affirmed in *Rondeau v. State*, 48 N.E.3d 907 (Ind.Ct.App. 2016) (*Rondeau II*). The Indiana Supreme Court denied transfer.

## II. Applicable Law

"Federal habeas corpus happens to be one of the most complex areas of American law." *Holmes v. Buss*, 506 F.3d 576, 579 (7th Cir. 2007). It is therefore no surprise that "when examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). "If the answer to either . . . inquir[y] is `no,' the petition is barred either for

failure to exhaust state remedies or for procedural default." *Id*. The inquiry in this case concerns procedural default.

"It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene,* 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)). "[I]t would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation[.]" *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "[F]ederal courts will not review a habeas petition unless the prisoner has fairly presented his claims 'throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings.'" *Johnson v. Foster,* 786 F.3d 501, 504 (7th Cir. 2015)(quoting *Richardson v. Lemke,* 745 F.3d 258, 268 (7th Cir. 2014), and citing 28 U.S.C. § 2254(b)(1)). "[T]he burden is on the petitioner to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits. . . ." *Bell v. Cone,* 543 U.S. 447, 451 n.3 (2005). Thus, "[a] federal claim that was not raised in the state courts is procedurally barred and must be dismissed." *Henderson v. Cohn*, 919 F.2d 1270, 1272 (7th Cir. 1990)(citing *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990)).

Insofar as pertinent here, procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992); *see also Hogan v. McBride,* 74 F.3d 144, 146 (7th Cir. 1996) ("Forfeiture under § 2254 is a question of a state's internal law: failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court.").

"A federal court may excuse a procedural default if the habeas petitioner establishes that (1) there was good cause for the default and consequent prejudice, or (2) a fundamental miscarriage of justice would result if the defaulted claim is not heard." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015)(internal citations omitted). "Under this cause-and-prejudice test, a cause is defined as, 'an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding.' Prejudice means, 'an error which so infected the entire trial that the resulting conviction violates due process.'" *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010) (internal citation omitted). The second exception, known as the fundamental miscarriage of justice exception, requires a petitioner to show that he is actually innocent. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998).

### III. Discussion

Rondeau asserts the following claims in his petition for writ of habeas corpus:

(1) trial counsel was ineffective for failing to communicate or discuss defenses with Rondeau;

(2) trial counsel was ineffective for not sufficiently preparing for trial;

(3) trial counsel failed to object to Detective Patterson's testimony regarding Rondeau's injuries;

(4) trial counsel was ineffective for failing to tender an instruction regarding the defense of a third person;

(5) ineffective assistance of appellate counsel for failing to raise ineffective assistance of trial counsel on direct appeal for failing to tender instructions;

(6) evidence was insufficient to support his conviction;

(7) trial court failed to instruct the jury that it was the judge of the law and the facts;

(8) denied his constitutional right to a speedy trial; and

(9) the State violated his rights when it seized a computer tower during a search when the search warrant did not specify a computer tower could be seized.

The following table identifies the claims which Rondeau presented at various points in the Indiana state courts:

| *Rondeau I* | *Rondeau I* Petition to Transfer | *Rondeau II* | *Rondeau II* Petition to Transfer |
|---|---|---|---|
| Denial of motion for continuance | Denial of motion for continuance | Error in post-conviction process | Error in post-conviction process |
| Admission of Rondeau's statement to police | | Denial of right to speedy trial | |
| Sufficiency of the Evidence | | Ineffective assistance of counsel at trial | |
| | | Ineffective assistance of counsel in *Rondeau I* | |

It is therefore evident, as is argued by the respondent, that Rondeau failed to present any of his habeas claims to the Indiana Supreme Court. He failed to do so in *Rondeau I.* He failed to do so in *Rondeau II.* This failure constitutes procedural default. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999)("a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort" has not properly exhausted the claims for purposes of 28 U.S.C. § 2254(b)(1); the habeas petitioner's failure to present her "claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims"); *Hough v. Anderson,* 272 F.3d 878, 892-93 (7th Cir. 2001)(petitioner's failure to present issue to Indiana Supreme Court constituted procedural default).

Rondeau concedes as much in his reply to the respondent's return to order to show cause. As to his ineffective assistance of counsel claims, however, he argues that he has established cause for and prejudice from his procedural default. As already noted, to establish "cause" a petitioner must establish that "some objective factor external to the defense" impeded his ability to raise the claim in state court. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). But the Indiana Court of Appeals fully addressed the circumstances whereby the ineffective assistance of counsel claims were not addressed by the post-conviction court to the extent sought by Rondeau.

> Rondeau's requested subpoenas, though framed as relevant to his claim that trial counsel was ineffective, were either not specific enough to establish the relevance of the proposed witness's testimony to the question of ineffectiveness, or were relevant only to matters available at trial or direct appeal. . . . Because none of these matters properly pertained to Rondeau's claimed bases for post-conviction relief, we find no abuse of discretion in the trial court's denial of the issuance of Rondeau's requested subpoenas.

*Rondeau II,* 48 N.E.3d at 915-16. It is undisputed, moreover, that Rondeau did not include his ineffective assistance of counsel claims in *Rondeau II.* His decision to proceed in that fashion waived his right to claim error in a federal habeas proceeding. *See Kirk v. State,* 632 N.E.2d 776 (Ind.Ct.App. 1994) ("In seeking post-conviction relief, a petitioner must assert all available grounds for relief in his original post-conviction petition. P.C.R. 1(8)"). Under Indiana procedural rules, all grounds for post-conviction relief which were available at the time of trial, direct appeal, or prior petition but were not raised in those proceedings are deemed waived. *See Lane v. Richards,* 957 F.2d 363, 366 (7th Cir.) (issues were not presented on direct appeal and relief would be barred by procedural default), *cert. denied,* 113 S. Ct. 127 (1992).

Nor can Rondeau argue that he is entitled to habeas relief based on the state post-conviction proceedings. *Quince v. Crosby,* 360 F.3d 1259, 1262 (11th Cir. 2004)("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in

a collateral proceeding does not state a basis for habeas relief."); *see also Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir.)("[u]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, . . . errors in state collateral review cannot form the basis for federal habeas corpus relief"), *cert. denied,* 519 U.S. 907 (1996); *Williams v. State,* 640 F.2d 140, 143-44 (8th Cir.) ("Infirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction. . . . Errors or defects in the state post-conviction proceeding do not, *ipso facto,* render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings."), *cert. denied,* 451 U.S. 990 (1981). This is the gist of the argument in Rondeau's reply to the return to order to show cause.

Each of Rondeau's habeas claims, therefore, is barred from consideration here because of Rondeau's unexcused procedural default consisting of his failure to fully and fairly present them the Indiana Supreme Court. That failure deprived the Indiana state courts of the opportunity to examine and evaluate the claims he has asserted in his petition for writ of habeas corpus.

### IV. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In the present case, Rondeau has encountered the hurdle produced by the doctrine of procedural default. He has not shown the existence of circumstances permitting him to overcome this hurdle and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore denied without a decision being made as to the merits of his claims. Judgment consistent with this Entry shall now issue.

### V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Rondeau has failed to show that

reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

    IT IS SO ORDERED.

Date: 8/2/16

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

CHRISTOPHER RONDEAU
198058
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064